THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KIMBERLY CERUTI,<br><br>Appellant,<br><br>v.<br><br>RENEWABLE ENERGY DEVELOPMENT CORP.; DAVID L. MILLER; and DAVID RYAN HAGUE,<br><br>Appellees. | **MEMORANDUM DECISION AND DISMISSAL ORDER**<br><br>Case No. 2:22-cv-00618-DBB<br><br>Bankr. Case No. 11-38145<br><br>District Judge David Barlow |

On September 21, 2020, Appellant Kimberly Ceruti ("Ms. Ceruti") noticed this appeal from a decision of the United States Bankruptcy Court for the District of Utah.[1] On November 17, 2022, the court filed a Notice of Bankruptcy Appeal Record Availability.[2] Under the Federal Rules of Bankruptcy Procedure, an appellant must file her brief within 30 days after docketing of notice that the record is available.[3] No brief was filed within the specified timeframe. As such, the court ordered Ms. Ceruti to show cause by December 30, 2022 "why the action should not be dismissed for failure to prosecute."[4] She has not since filed a brief or otherwise responded.[5]

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any

---

[1] ECF No. 1; *see In re Renewable Energy Dev. Corp.*, No. 11-38145 (Bankr. D. Utah, filed Dec. 30, 2011).
[2] ECF No. 6.
[3] Fed. R. Bankr. P. 8018(a)(1).
[4] ECF No. 7.
[5] *See* Docket, *Ceruti v. Renewable Energy Dev. Corp. et al.*, No. 2:22-cv-00618 (D. Utah, filed Sept. 21, 2022).

claim against it."[6] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."[7] Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."[8] In fact, "[t]he court may issue at any time an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution."[9] "If the party does not show good cause, a district judge . . . may enter an order of dismissal."[10]

"[D]ismissal of a bankruptcy appeal for failure to prosecute is appropriately analogized to a dismissal under Rule 41(b)."[11] This conclusion is supported by Federal Rule of Bankruptcy Procedure 8003(a)(2), which provides that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal . . . is ground[s] . . . for the district court . . . to act as it considers appropriate, including dismissing the appeal."

Here, Ms. Ceruti has failed to file a brief in support of her appeal despite the court's order. She has not sought an extension. Indeed, Ms. Ceruti has not communicated with the court since her September 21, 2022 filing.[12] In sum, she has failed to prosecute her appeal, comply

---

[6] Fed. R. Civ. P. 41(b).
[7] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962)).
[8] *Link*, 370 U.S. at 630; *see Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) (noting that dismissal for failure to prosecute is a "standard operating procedure . . . to clear deadwood from the courts' calendars" resulting from a plaintiff's "prolonged and unexcused delay").
[9] DUCivR 41-2.
[10] *Id.*
[11] *Ceruti v. Miller*, No. 2:20-cv-00585, 2021 WL 3099903, at *2 (D. Utah July 22, 2021), *appeal dismissed,* No. 21-4095, 2022 WL 3098182 (10th Cir. Feb. 25, 2022) (quoting *In re Hunt*, 599 F. App'x 690, 691 (9th Cir. 2015) (unpublished)).
[12] *See* Docket.

with the court's order, or show good cause why her appeal should not be dismissed. Dismissal is thus appropriate under Federal Rule of Civil Procedure 41(b), District of Utah Local Civil Rule of Practice 41-2, and Federal Rule of Bankruptcy Procedure 8003(a)(2).[13]

## ORDER

Accordingly, Ms. Ceruti's appeal is DISMISSED without prejudice for failure to prosecute, failure to comply with the court's order, and failure to file briefing in support of her appeal.

Signed January 9, 2023.

BY THE COURT

_____
David Barlow
United States District Judge

---

[13] Of note, the court has previously dismissed four other bankruptcy appeals brought by Ms. Ceruti for "failure to comply with the court's orders, failure to prosecute, and failure to file briefing in support of her appeals." *Ceruti*, 2021 WL 3099903, at *2. The Tenth Circuit subsequently dismissed her appeal for lack of prosecution. *Ceruti v. Miller*, No. 21-4095, 2022 WL 3098182, at *1 (10th Cir. Feb. 25, 2022).